IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA JAMES-ENGLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No.: C-11-3977 JSC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT (Dkt. No. 6)** |

This is a diversity jurisdiction employment discrimination/retaliation lawsuit.  Now pending before the Court is Defendant's motion to dismiss Plaintiff's complaint or, in the alternative, to compel Plaintiff to amend the complaint to include a more definite statement of claims.  After carefully considering the papers submitted by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 3-7(1), and DENIES Defendant's motion to dismiss as to Plaintiff's first cause of action, GRANTS Defendant's motion to dismiss as to Plaintiff's second and third causes of action, and GRANTS Defendant's motion for a more definite statement as to the first cause of action.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff began working for defendant United Insurance Company ("United" or "Defendant") in January 1989. In July 2010, Plaintiff's District Manager was investigated for complaints about his "hiring practices and disregard of significant company policies." (Complaint at ¶8.) Plaintiff was interviewed during the investigation. (Id. at ¶7.) Shortly thereafter, "agents of United advised Plaintiff that their efforts to file internal complaints of discrimination with Human Resources met with no response," and Plaintiff responded to these inquiries by advising "the employees to use the 'hotline' as provided in the employee manual." (Id.)

At the end of July, Plaintiff was "informed that the investigation of the District Manager had been completed," and she was "warned against assisting agents with administrative procedures." (Complaint at ¶7.) In early August, an employee staff manager asked Plaintiff for information about how to file a disability claim. (Id.) "Plaintiff sent an email to Human Resources requesting the necessary information and received an appropriate response." (Id.) Plaintiff's District Manager requested that a copy of Plaintiff's email be placed in her file and that he receive a copy as well, and then Plaintiff was terminated. (Id.) Defendant advised Plaintiff that the termination was for interfering "with an internal investigation against a manager by providing an employee with information on how to file a disability claim." (Complaint at ¶6.) Plaintiff alleges she was fired for "informing employees of their right to use the complaint 'hotline'" and "to clear the way for Mr. Ramirez [the District Manager] to hire a younger, Hispanic female who was without a high school diploma." (Id at ¶¶ 8, 14.)

2

**PROCEDURAL HISTORY**

Plaintiff filed a lawsuit in California state court making three state-law claims: (1) retaliation under the California Fair Employment and Housing Act ("FEHA"), (2) discrimination under FEHA, and (3) respondeat superior. Defendant subsequently removed the case to federal court based on diversity jurisdiction and filed the pending motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement under Federal Rule of Civil Procedure 12(e).

**DISCUSSION**

**A. The Applicable Legal Standards**

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim, all "material allegations" are accepted as true and construed "in the light most favorable" to the Plaintiff. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not accepted as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

A complaint should be dismissed under 12(b)(6) if it does not provide Defendant with "fair notice of a legally cognizable claim and the grounds on which it rests." Westfall v. City of Crescent City, 2011 WL 4024663 at *3 (N.D. Cal. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 129 S.Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  This standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability," which "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.  (quoting Twombly, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."  These motions are "disfavored and rarely granted" unless "the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." U.S. v. Ragan, 2011 WL 2940354 at *2 (C.D. Cal July 21, 2011).  In other words, the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotation marks and citation omitted).

To make out a prima facie case of retaliation under FEHA, a plaintiff must show that she engaged in a protected activity, that the Defendant subjected her to an adverse action, and that there was a causal link between the protected activity and the adverse employment action. Cozzi v. County of Marin, 2011 WL 14465603 at *16 (N.D. Cal. April 18, 2011).

**B. Plaintiff's Causes of Action**

  1. First Cause of Action: Retaliation

In her first cause of action, Plaintiff alleges she was wrongfully terminated in retaliation as prohibited by FEHA in that the "motivating factor" leading to her termination

was "Plaintiff's advice, as senior administrator, to employees of their right to use the mechanism provided by company policy (the 'hotline') for complaints of discrimination or violation of company policy." (Complaint at ¶14.) Defendant moves to dismiss this claim without leave to amend on the ground that Plaintiff fails to allege she was terminated for engaging in protected activity; specifically, Defendant contends that "Plaintiff concedes that providing such information was part of her job duties as a Senior Officer Administrator" and is therefore not protected activity. (Dkt. No. 6 at 2.)

As support for its argument, Defendant cites Nelson v. Pima Community College, 83 F.3d 1075, 1082 (9th Cir. 1996). In Nelson, the plaintiff was employed at the defendant college as the "Assistant to the President for Affirmative Action and Equal Employment Opportunity." Id. at 1078. After the plaintiff quit her employment, she filed suit alleging that she had been constructively discharged in retaliation for her complaints about the college's affirmative action programs. Upholding a grant of summary judgment in favor of the defendant, the Ninth Circuit concluded that the evidence was insufficient to show that the defendant had retaliated against her as a result of her criticism; to the contrary, the evidence established that she had refused to perform her job duties "and threw the whole college into turmoil." Id. at 1080. The court also assumed, without deciding, that the plaintiff's opposition to the college's affirmative action programs could be considered protected activity but held that summary judgment was appropriate because Title VII "does not prevent an employer from dismissing an employee who handles discrimination complaints as part of his job when the employee handles these complaints contrary to the instructions of his employer." Id. at 1082. Plaintiff's complaint here, however, does not admit that she was terminated

because she took actions outside of her responsibilities; accordingly, Nelson does not support dismissal here.

The other cases cited by Defendant—all of which were decided on summary judgment—also do not support a Rule 12(b)(6) dismissal of the first cause of action. In Muniz v. United Parcel Service, 731 F.Supp.2d 961 (N.D. Cal. 2010), the district court adopted the Tenth Circuit's holding that an employee's conduct "was not protected activity [under the Fair Labor Standards Act] because she was 'merely performing her everyday duties as personnel director for the company,'" and "she did not take 'some action adverse to the company,'" which is "'the hallmark of protected activity.'" Id. at 969 (quoting McKenzie v. Renberg, Inc., 94 F.3d 1478, 1486 (10th Cir. 1996)).

Assuming, without deciding, that FEHA would be interpreted in accord with the Tenth Circuit's FSLA holding, the allegations of the complaint do not establish as a matter of fact that plaintiff was terminated for performing her everyday duties and that she did not take any adverse action. For example, the complaint does not allege that it fell within Plaintiff's job duties to respond to requests about how to file disability claims. In Muniz, in contrast, the plaintiff testified that reporting wage and hour violations—her alleged protected activity—was a part of her job duties. Id. at 970. Indeed, Plaintiff's allegation that the District Manager requested that Plaintiff's email be placed in her personnel file suggests that responding to such emails was not within her job duties. See also Clemons v. Nike, Inc., 2007 WL 2890972 (D. Or. Sep. 26, 2007) (following the reasoning of the Tenth Circuit in McKenzie and granting summary judgment on the grounds that the plaintiff's alleged protected activity involved her job responsibilities as a matter of law); Smith v. Singer, 650 F.2d 214, 215-17 (9th Cir. 1981)

(affirming summary judgment on the grounds that plaintiff was terminated for failing to perform his job duties); Lund v. Leprino Foods Co., 2007 WL 1775474 (E.D. Cal. June 20, 2007) (granting summary judgment on the grounds that the record did not establish that the plaintiff made a "complaint" within the meaning of California Labor Code § 6310; instead, the report made by the plaintiff was part of his regular job duties).  In sum, the Court cannot determine from the allegations of the complaint that Plaintiff did not engage in protected activity as a matter of law.

That being said, in opposition to the motion to dismiss, Plaintiff argues that her termination must also be viewed in the context of additional protected activity, including that she participated in an investigation into complaints against her District Manager and that the Manager then terminated her in retaliation.  The complaint, however, does not clearly allege that she was terminated for any reason other than providing an employee with information on how to file a disability claim.  Accordingly, to the extent Plaintiff alleges that there were multiple and/or related reasons for her termination, she must amend her complaint to more clearly give Defendant notice of her allegations.   The Court is unpersuaded that such an amendment would be a "sham" given that the Complaint does allege that Plaintiff was interviewed in connection with the investigation of her District Manager. (Complaint at ¶7.)

2. Second Cause of Action: Discrimination

Plaintiff's second cause of action is characterized as "Discrimination under the California F.E.H.A. (Retaliation/Wrongful Termination)."  While her complaint alleges that she was fired, in part, to enable Defendant to "hire a younger, Hispanic female who was without a high school diploma" (Complaint at ¶ 8), in her opposition Plaintiff concedes that

this allegation must be stricken because she did not exhaust her administrative remedies as to this charge. (Dkt. No. 10 at 4.) Thus, there is no basis for a claim of discrimination as opposed to retaliation. To the extent the second cause of action makes a retaliation claim, it appears duplicative of the first cause of action, which alleges retaliation under FEHA. Accordingly, Defendant's motion to dismiss must be granted as to the second cause of action. The dismissal will be with leave to amend to make a discrimination claim if Plaintiff believes she has adequately exhausted such claim.

       3.   <u>Third Cause of Action: Respondeat Superior</u>

Plaintiff's third cause of action is for Respondeat Superior. (Complaint at ¶¶23-24.) Defendant contends that this cause of action is not recognized under California law. (Dkt. No. 6 at 3.) Plaintiff agrees that this cause of action should be dismissed. (Dkt. No. 10 at 4.) Accordingly, Defendant's motion to dismiss the third cause of action is GRANTED without leave to amend.

**CONCLUSION**

For the reasons explained above, the Court rules as follows:

Defendant's motion to dismiss the first cause of action is DENIED.

Defendant's motion to dismiss the second cause of action is GRANTED with leave to amend.

Defendant's motion to dismiss the third cause of action is GRANTED without leave to amend.

Defendant's motion for a more definite statement as to the first cause of action is GRANTED to the extent Plaintiff contends she was terminated for a reason in addition to that

already pled in the complaint, that is, in addition to her "informing employees of their right to use the complaint 'hotline' if contacting Human Resources was not helpful." (Complaint at ¶8.)

Should plaintiff wish to amend her complaint to attempt to plead a discrimination claim or amend her retaliation claims, she must file her first amended complaint on or before November 1, 2011.

This Order disposes of Docket Nos. 6, 7. Oral argument scheduled for November 3, 2011 is VACATED.

**IT IS SO ORDERED.**

Dated: October 12, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE